Green, J.
delivered the opinion of the court.
This bill is filed by the heirs of John Haywood, deceased, for the recovery of certain lands and slaves, which were conveyed by Judge Haywood to his daughter Harriet, afterwards Mrs. Moore, wife of the defendant David Moore. The deed was executed the 29th day of June, 1808, expressing the consideration of one thousand dollars. By it several slaves and tracts of land were conveyed, and among the rest a tract of three hundred acres on Richland creek of Elk river.
*586 The itogroes were given to Harriet and her assigns forever, bui the land was to be held, “for and during the term of hér natural life, and after her.death to such of her children, their heirs and asJ signs forever as she and her first husband shall limit, direct and appoint, and for want of such joint appointment, to all her children equally, their heirs and assigns forever:”
1. The first question is, what estate was vested in Harriet Haywood by this deed? There can be no doubt but that she took an estate for life only. The terms of this deed do not fall within the rule in Shelly’s case. Although the word, “children,” is sometimes used to denote the entire class of persons who are to take in succession, and in such case, is synonymous with the word, “heirs;” yet generally, the word “children,” is used as a word of purchase; In the deed now before the court it is evidently so used. The estate is to go to such of her children as she may appoint; and in default of appointment, to all her children, equally, and their heirs: ■The meaning is, children living at her death.
2. Did Harriet have issue capable of inheriting? This depends upon the evidence in the cause; and we think the proof is satisfactory, that she did give birth to a son, who lived several hours. There is no satisfactory evidence, as- to the period of gestation at which the child was born, nor do we deem it necessary to enter into that enquiry. The fact that the child was born alive, is all that the common law requires, in order that it may inherit and transmit the inheritance.
3; It becomes necessary next to enquire, what estate this child took under the deed? The terms of the deed convey to Harriet an estate for life, with contingent remainder over; (Fearne 9,) but upon the birth of her son, the remainder became vested in him, subject to be divested by the birth of other children, or by the exercise, by Harriet and her first husband, of their power of appointment. Fearne, 228, et seq: 4 Cruise’s Dig. 166. sec. 44:
4. As the child of Harriet died shortly after its birth, its father, the defendant Moore, and its mother the said Harriet, both surviving, the next question is, to whom, by our statutes, did the estate go, which toas vested in the child?
The deed from Judge Haywood to Harriet, as we have seen, purports to have been made for the consideration of one thousand dollars to him paid by Harriet. Formerly it was held, that, against a consideration alleged in a deed, no averment to the con *587 trary could be received. 4 Cruise’s Dig. 269. But in modern times parol evidence of collateral facts, tending to support or explain a deed, has been admitted. 4 Cruise’s Dig. 269, sec. 49. Unquestionably, however, the consideration expressed in the deed, must be taken to be the true and only consideration moving to the execution of it, unless there is evidence to show that there were other considerations than the one expressed. In this case, no such evidence exists. It is suggested by the counsgl that the statements in the bill, and answer and the letters of Judge Haywood, show that the property conveyed in this deed was in fact given by Judge Haywood to his daughter. In this, however, the counsel is mistaken. The, bill speaks of it as a settlement, but neveras á gift.
It is also apparent from the bill that the complainants had no precise knowledge of the nature of the conveyance. The answer does not call it a gift. It admits that Judge Haywood conveyed by deed to his daughter the property in question; but whether it was by a deed of gift, or a deed of bargain and sale, it does not say. The letters of Judge Haywood, in this record, do not allude to this deed. Some reference is made to the deed of 1815, but none to the one of 1808.
But it is said, that the estate conveyed, is of such magnitude, as to prove that a thousand dollars was an wholly inadequate consideration, and, therefore, we must infer it was a gift. In the first place, we cannot know that one thousand dollars was an inadequate consideration. We have no evidence of the description of the property, or of its value in 1808. Nor in the next place, is it necessary, in order to constitute a valid purchase, that a full price should be paid. We must take it therefore, that the sum of a thousand dollars was paid by Harriet Haywood, to her father, for •the property conveyed to her, by the deed under consideration. And we cannot understand this sum, as having been given for the life estate, and that the remainder to her children was a donation from her father. It is in consideration of the thousand dollars that he conveys, and that consideration relates as well to the remainder as to the life estate. Taking this to have been a purchase by Harriet for the benefit of her children, is not the title of her child to the remainder, derived from her? We think it is. If a parent purchase a tract of land from a.third person for his child, and cause the deed to be made from the vendor to the child, that is *588 an advancement from the parent, which must be brought into hotch-pot, upon a division of the parent’s estate. Thompson vs. Thompson, 1 Yerg. 97. If it is an advancement by the parent, is it not derived from him? The word derived, used in the act of 1784, ch. 22, sec. 7, is not a technical word. It means, if the land proceed from either parent, by which either a legal or equitable title is vested in the child, if he should die without issue, or not having any brother or sister, or the lawful issue of such, who shall survive, the estate of such intestate shall be vested in fee simple in the parent from whom the same was so derived. If a parent give a land warrant to a child, or assign a title bond, and the grant in the one case or the deed in the other, be made directly to the child, the land so obtained is derived from the parent, within the meaning of this act of assembly; and on the death of the child, under the circumstances mentioned in the act, would vest in such parent. We think, therefore, that upon the death of her son, the estate was vested in Mrs. Moore, in fee simple.
As Mr. Moore had no child after the fee was vested in her, the defendant cannot hold the land as tenant by the courtesy. One requisite to constitute a tenancy by the courtesy is, that the wife have issue, capable of inheriting her estate. Therefore, “if a woman be tenant in tail male, and hath only a daughter born, the husband is not thereby entitled to be tenant by the courtesy; because, such issue female, can never inherit the estate in tail male.” 2 Black. Com. 127-8. Here Mrs. Moore never had issue capable of inheriting this estate, because she became seized of the fee after the death of her son and after being thus vested with the estate, she had no child born. The consequence of the foregoing view of the case is, that upon the death of Mrs. Moore, her brothers and sisters or their issue were entitled to this land. All the land mentioned in the deed having been sold in the life-time of Harriet, except the BOO acre tract on Richland creek, the complainants are entitled to that tract only. Let the decree be affirmed.